UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Dale E. Oester,                                                                                          6:12-CV-0152-TC

                                                      Plaintiff,

                                                      v.                                                                                                                        ORDER

Gil Datan, Coos County, a political
subdivision of the State of Oregon, and Gayla
Marie Fannin,

                                                     Defendant.

COFFIN, Magistrate Judge:

    This action arises out of the arrest and prosecution of plaintiff Dale E. Oester for the crimes of Burglary and Theft by Coos County Sheriff's Deputy Gil Datan. The stated grounds for the arrest was information provided to Datan by the plaintiff's former wife, Gayla Fannin, and admissions provided by plaintiff himself.

This action has been brought against Coos County, Deputy Datan, and Gayla Fannin. Plaintiff's Second Amended Complaint asserts two Claims for Relief, a First Claim for Relief entitled "42 U.S.C. §1983," and a Second Claim for Relief entitled "Oregon Common Law Claims"

Page 1 - ORDER

Plaintiff's §1983 claims are also broken down into two counts. The first count is against all defendants and is entitled "First Amendment." This count asserts that plaintiff was arrested, not because he had committed a crime, but because he had exercised free speech.

The second count is against all defendants, and entitled "4th Amendment." This second count contends that plaintiff's arrest was made without probable cause.

Presently before the court are defendants' motions (#42, #47) for summary judgment.

### Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable

substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

### Background Facts

Plaintiff and his former wife, co-defendant Gayla Fannin, entered into a Divorce Agreement. As part of their Divorce Agreement, Fanin was awarded the marital residence. While Fannin was away from her residence, plaintiff came on the property and removed several items of personal property.

Upon her return, Fannin called Coos County and Deputy Gil Datan was dispatched to Fannin's home. Fannin explained the situation of plaintiff coming onto her property. Datan later observed that some of the items reported missing from Fannin's home were in plaintiff's driveway.

Datan set up a pre-text phone call between plaintiff and Fannin which Fannin freely decided to participate in. Plaintiff conceded at oral argument that the phone call was not unlawful. During the call, plaintiff admitted to coming onto the property owned by Fannin when she was not home and taking some items away.

Datan located plaintiff in person and plaintiff admitted to coming onto the property owned by Fannin when she was not home and taking some items away. Plaintiff stated that he did not have permission to go onto the property and he did not ask because Fannin would have said no.

Datan arrested plaintiff for Burglary I and Theft II. Plaintiff had said that at most "this case was a criminal trespass."

Plaintiff was indicted by the Coos County Grand Jury for the crimes of Burglary II and Theft II.

A few months later, in the Circuit Court for Coos County, a "District Attorney's Information" was filed for Criminal Trespass II and asserted that Dale E. Oester did unlawfully and knowingly enter and remain in or upon the premises at issue. The same day plaintiff pled no contest to the charge of Criminal Trespass II  The other two charges, Burglary II and Theft II were dismissed "pursuant to plea bargain." (Exh 104).

The sentence on the plea was then deferred pursuant to a "Deferred Sentence Agreement" from January 18, 2011 to July 16, 2011, with the condition that if Dale E. Oester abided by the deferred sentence agreement, on July 16, 2011, the charge of criminal Trespass II would be dismissed with prejudice. (Exh 103). The Deferred Sentence Agreement provided that Dale E. Oester was not to commit any crimes; he was not to be within 1000 feet of Fannin's home with one exception; he was to have no contact with Fannin; and he was to pay court costs of $67.00.

## Discussion

I. §1983 Claims against Deputy Datan and Coos County

FOURTH AMENDMENT

In plaintiff's Fourth Amendment claim, plaintiff contends that defendants Datan and Coos County are liable to him for the arrest by Deputy Datan because the arrest was made without probable cause, and pursuant to the practices and policies of Coos County. Such claim fails.

Deputy Datan had probable cause to arrest plaintiff. Probable cause exists when, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded

Page 4 - ORDER

that there was a fair probability that the suspect had committed a crime. <u>Peng v. Mei Chin Penghu</u>, 335 F.3d 970, 976 (9th Cir. 2003). In determining the issue of probable cause, a police officer has the right to rely on information supplied by a citizen of the community as true, and a citizen of the community that identifies himself and volunteers information to police officers is entitled to be trusted and is presumed to be credible and reliable. <u>United States v. Greany</u>, 929 F.2d 523 (9th Cir 1991); <u>United States v. Butler</u>, 74 F.3d 916 (9th Cir. 1996).

Even though Datan did not state at the time of the arrest that the arrest was for the crime of Burglary II or Criminal Trespass, the existence of probable cause to arrest plaintiff made the arrest valid under the Fourth Amendment because an arrest of a person is lawful if probable cause exists for the arrest of a closely related crime, even if the crime was not one of the stated reasons for the arrest. <u>Alford v. Haner</u>, 333 F.3d 972 (9th Cir. 2003) (holding that under the closely related offense doctrine, probable cause may exist for an arrest for a closely related offense, even if that offense was not invoked by the arresting officer, as long as it involves the same conduct for which the suspect was arrested): <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819 (3rd Cir 1994)) ("As long as the officers had some reasonable basis to believe [the §1983 plaintiff] had committed a crime, the arrest is justified as being based on probable cause. Probable cause need only exist as to any offense that could be charged under the circumstances.")

The Grand Jury indicted plaintiff for Burglarly II and Theft II. This independent finding conclusively established the existence of probable cause for the arrest. See, e.g., <u>James v. Dallas Police Dept.</u>, 2013 WL 5873291 (N.D. Tex. 2013). As such, plaintiff's §1983 claim is barred.

Plaintiff's claims are also barred by his plea of no contest. Plaintiff entered a plea of no contest to the crime of Criminal Trespass II and the charges of Burglary II and Theft II were dismissed

Page 5 - ORDER

pursuant to the plea bargain. In addition, plaintiff admitted in his deposition that he pled guilty to Criminal Trespass II, and that he in fact committed criminal trespass.

> Q. Well, did you or did you not criminally trespass?
> A. I did. I pled guilty to it.

Exh 105 at 7. The plea by plaintiff bars plaintiff's claim for an arrest without probable cause. Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990); Pouncy v. Ryan, 396 F.Supp. 126 (D.C. Conn. 1975).[1]

FIRST AMENDMENT

In the First Amendment claim, plaintiff, a private investigator, contends that he was arrested, not because he committed a crime, but because he had exercised his right to free speech in complaining about Sheriff Jackson to the Coos County Board of Commissioners and the District Attorney for Coos County as stated in the Second Amended Complaint:

> Plaintiff's 2008 communications to his client [of his private investigation business], his client's communications to Coos County officials, and plaintiff's communications to the Coos County District Attorney, constituted speech and petition for redress of grievances within the meaning of the First Amendment of the Constitution of the United States.

Defendant Datan

As to Datan, plaintiff cannot prevail on this claim because his arrest was based on probable cause,

---

[1] Although the charge was ultimately dismissed with prejudice 6 months later pursuant to a Deferred Sentencing Agreement because of plaintiff's completion of the conditions of the Agreement, the Deferred Sentence Agreement imposed several burdens on plaintiff that were not consistent with innocence including the condition that plaintiff was not to commit any crimes; he was not to be within 1000 feet of Fannin's home with one exception; he was to have no contact with Fannin; and he was to pay court costs of $67.00. See, Gillis v.Davis, 427 F.3d 197 (3rd Cir. 2005); Heck v. Humphrey, 512 U.S. 477 (1994).

Page 6 - ORDER

and, moreover, there is not evidence that any protected speech of the plaintiff was a "substantial or motivating factor" for defendant's action. See, e.g., Sloman v. Tadlock, 21 F.3d 1462, 1469-71 (9th Cir. 1994).

A plaintiff "may not recover merely on the basis of a speculative 'chill' due generalized and legitimate law enforcement initiatives. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986), cert. denied, 479 U.S. 1054 (1987). Rather, he must adequately establish "discrete acts" of police conduct that were "directed solely at silencing" him. Id.

Here, plaintiff has not adequately established his First Amendment claim because all of the actions of Datan were "legitimate law enforcement initiatives" and plaintiff's alleged protected speech was not a "substantial or motivating factor" for any of Datan's actions.

Furthermore, as set forth in the declaration of Datan, Datan was not employed by the Sheriff at the time of the alleged acts given rise to any of the alleged retaliation, nor was he even aware of the alleged acts of plaintiff that plaintiff now contends amounted to the exercise of plaintiff's First Amendment rights. There is inadequate evidence for a jury to conclude that Sheriff Jackson directed Datan to arrest plaintiff because the Sheriff wanted to retaliate against plaintiff. Moreover, the fact that Datan met with Fanin, then took photographs at two sites and set up a phone call with Fannin and plaintiff is indicative of an officer doing a detailed investigation of a person suspected of committing a crime and not one of retaliation for exercising First Amendment rights.

Finally, even if Datan was aware of the acts, he is entitled to qualified immunity as demonstrated by defendants.

Coos County

As set forth in the previous section, there was not an underlying constitutional violation and,

Page 7 - ORDER

as such, the claim against the County fails.

In addition, defendants have established that there is no more than a scintilla of evidence that Sheriff Jackson wanted to retaliate against plaintiff, and the "facts" relied upon by plaintiff are nothing more than inadmissible hearsay based upon rumors by people plaintiff cannot even name. See p.p. 3-4 or Reply (#57).

Moreover, a municipality cannot be held liable under §1983 on a <u>repondeat superior</u> theory. <u>Monell v. Dep't of Soc. Serv.</u>, 436 U.S. 658, 691 (1978). Liability may attach to a municipality only where the municipality causes the violation through "execution of a government policy or custom whether made by lawmakers or by those whose edicts or acts may be fairly said to represent official policy." <u>Monell</u>, 436 U.S. At 694. And liability only attaches where a municipality's policy or customs shows a "deliberate indifference" to the constitutional right and are the "moving force behind the constitutional violation."

Based on the declaration of Sheriff Craig Zanni, none of the alleged wrongful acts set forth in plaintiff's Second Amended Complaint were caused by the execution of a Coos County Sheriff's policy or custom. Sheriff Zanni also states that the Sheriff's Office does not have a policy or custom of retaliation.[2]

---

[2] Sheriff Jackson is not a defendant in this action. Although it is not necessary for the ruling today, it should be noted that defendants have adequately demonstrated that Coos County does not have a policy or custom of retaliation.

Page 8 - ORDER

Defendant Fannin

Defendant Fannin's liability on the federal claims is tied to the existence of the other defendants' liability. As discussed above, none of the other defendants are liable, and, as such, neither is Fannin.[3]

II. State Claims

This court declines to exercise supplemental jurisdiction over the remaining state-law claims as all federal claims have been dismissed. 28 U.S.C §1367 (c)(3); Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal- law claims are eliminated before trial, the balance of factors ... will point towards declining to exercise jurisdiction over the remaining state-law claims'" (citation omitted)). This court has not invested its judicial energies on the state claims to such an extent that would justify retaining jurisdiction. Nor is it apparent that judicial economy would be served by retaining jurisdiction over this case. Although it might be more convenient for defendant if the court retained jurisdiction[4], fairness and comity would be served by declining jurisdiction.

---

[3] Moreover, Fannin was not acting under color of law as is required for a §1983 action. The Ninth Circuit case plaintiff cites in support of his argument that defendant Fannin acted jointly with government officials has been withdrawn, Florer v. Congregation Pydyon Shevuyim, et al., 603 F.3d 1118 (9th Cir. 2010), and on rehearing the party was found to not be a joint actor acting under color of state law. Florer, 639 F.3d 916 (9th Cir. 2011), cert. denied , 132 S. Ct. 1000 (2012). There is inadequate evidence for a jury to find defendant Fannin was a joint actor with Datan over this single incident; Datan did not know any of Fannin's activities were improper as plaintiff alleges and there was probable cause for the arrest. See, Peng v. Mei Chin Penghu, 335 F.3d 970 (9th Cir. 2003).

[4] Plaintiff prefers the supplemental state claims be dismissed if the federal claims are dismissed.

Page 9 - ORDER

## Conclusion

Defendants' motions (#42, #47) for summary judgment are allowed to the extent the federal claims are dismissed. The court declines to exercise supplemental jurisdiction over the state claims. As such, these claims are dismissed without prejudice to refile in state court. Plaintiff's conditional motion (#64) to decline supplemental jurisdiction is allowed as it is appropriate in the circumstances of this case and this court takes such action when appropriate. Defendants' motion for attorney fees in defendants' response to plaintiff's conditional motion is denied. Plaintiff's motion (# 59 ) to strike is denied as it was not necessary for the court to rely on the material at issue for its ruling. This action is dismissed.

DATED this 9th day of September , 2014

_____
THOMAS M. COFFIN
United States Magistrate Judge